**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANNE D. RAY,
<u>Plaintiff-Appellant,</u>

v.

No. 98-2356

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, District Judge.
(CA-97-231-2)

Argued: October 29, 1999

Decided: December 29, 1999

Before WILKINSON, Chief Judge, and LUTTIG
and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Marilyn Lee Allen, Greensboro, North Carolina, for
Appellant. Brian Carl Huberty, Assistant Regional Counsel, Office of
the General Counsel, SOCIAL SECURITY ADMINISTRATION,
Atlanta, Georgia, for Appellee. **ON BRIEF:** Frank W. Hunger, Assis-
tant Attorney General, Walter C. Holton, Jr., United States Attorney,
Mary Ann Sloan, Chief Counsel, Region IV, Dennis R. Williams,

Deputy Chief Counsel, Malinda Hamann, Assistant Regional Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff Anne D. Ray challenges the Commissioner's denial of her claim for disability benefits. See 42 U.S.C. § 405(g) (1994). The district court rejected her contentions. Because the Commissioner's decision was both legally sound and supported by substantial evidence, see Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990), we affirm the judgment of the district court.

I.

Ray raises three issues on appeal. First, she argues that the Administrative Law Judge failed to give controlling weight to the opinion of her treating physician, Dr. McGough. Second, Ray contends that the ALJ's assessment of her subjective complaints is not supported by substantial evidence. And third, she maintains that the ALJ's finding that she had the residual functional capacity for light work was error. For the reasons stated in the magistrate judge's thorough opinion, we find that all three of Ray's claims are meritless.

With respect to Ray's first claim, Dr. McGough's opinions were properly given little deference by the ALJ. McGough's statements were both conclusory and inconsistent with other more credible medical reports in the record. Indeed, as the magistrate judge noted, Dr. McGough's opinions had no grounding in "clinically acceptable laboratory and diagnostic techniques." Dr. Truslow's background as a rheumatologist rendered him more qualified than Dr. McGough

2

(Ray's family physician) to testify as to the limiting effects of Ray's fibromyalgia.

Secondly, substantial evidence supports the ALJ's assessment of Ray's subjective complaints. As the ALJ noted, Ray's allegations of pain were simply "out of proportion with the objective medical documentation." At the time of the ALJ hearing, Ray was relying solely on non-prescription medication for her pain. Ray had also failed to heed the advice of another rheumatologist, Dr. Sutej, that she attend the Pain Clinic at Bowman Gray Hospital. The ALJ concluded that Ray's testimony about the restrictions on her daily activities was "grossly exaggerated." Dr. Truslow stated in fact that Ray had no limitations on her activities except for variable fatigue.

Finally, we reject Ray's contention that she lacked the residual functional capacity for light work and thereby could not return to her past work as a sewing machine operator. As the magistrate judge noted:

> The ALJ's decision shows that he considered the functional demands of plaintiff's past relevant work as a sewing machine operator, [finding] that her prior work did not require her to lift more than 20 pounds or remain on her feet for prolonged periods. The ALJ noted that the evidence supported a finding that plaintiff is not able to lift and carry more than 20 pounds or more than 10 pounds on a regular basis, and that she has no significant non-exertional limitations that would narrow the range of work she can perform. The ALJ's findings coincide precisely with the regulations' definition of "light" work.

We agree with the magistrate judge that the ALJ's finding is supported by substantial evidence and is not based on an error of law.

Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the applicable law, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the magistrate judge as adopted by the district court. See Ray v. Apfel, No. 2:97CV231 (M.D.N.C. July 27, 1998).

AFFIRMED

3